# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PEABODY ENERGY | ) | |
| CORPORATION, et al., | ) | Bankruptcy Case No. 16-42529-399 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| DMS CONTRACTING, INC., | ) | Case No. 4:19-cv-01319 SRC |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PEABODY ENERGY | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on DMS Contracting, Inc.'s appeal of the Bankruptcy Court's award of attorneys' fees to Peabody Energy Corporation.[1] After reviewing the briefs and the record and conducting a hearing in this matter, the Court finds the Bankruptcy Court clearly erred in determining that Peabody's fee request was timely during the bankruptcy proceedings. As a result, the Court vacates the award of fees and expenses and remands the matter for further proceedings consistent with this order.

---

[1] Peabody Energy Corporation includes subsidiaries and all other entities included in the Bankruptcy Court as "Reorganized Debtors."

1

I.  **BACKGROUND**

The Bankruptcy Court's record and orders clearly and extensively record the events underlying this appeal. An abbreviated version of events taken from those orders and the record before the Bankruptcy Court establishes the following:

On April 23, 2015, DMS entered into a construction *Agreement Between Owner and Design-Builder* (the "Contract") with Peabody Gateway North Mining, LLC ("Gateway North"). Bankr. Doc. 3500.[2] Gateway North operates an underground coal mine in Coulterville, Illinois. *Id*. DMS and Gateway North contracted to build a new refuse cell for waste disposal. *Id*. On April 13, 2016, Peabody, including Gateway North, filed for Chapter 11 bankruptcy. Bankr. Doc. 1. DMS completed construction of the cell in July 2016.

On August 19, 2016, DMS filed proof of claim no. 6144 against Gateway, in the amount of $3,467,836.60, for services DMS claimed it performed after the petition date due to unforeseen conditions at the construction site. ECF Claim 23-1.[3] On December 27, 2016, Peabody first objected to the claim but then later withdrew its objection. Bankr. Docs. 1847, 2094. On March 17, 2017, the Bankruptcy Court confirmed Peabody's Chapter 11 plan, and it became effective on April 3, 2017. Bankr. Doc. 2763. On April 14, 2017, Peabody again objected to the DMS claim. Bankr. Doc. 2910. After briefing and a hearing on the claim, the Bankruptcy Court disallowed DMS's claim along with 105 other claims. Bankr. Doc. 3027.

On July 7, 2017, the Bankruptcy Court granted DMS's motion to reconsider the claim. Bankr. Doc. 3225. After a limited scope evidentiary hearing on August 31, 2017, the Bankruptcy Court again disallowed DMS's claim on October 12, 2017. Bankr. Doc. 3501. Thirty-five days later, on November 16, 2017, Peabody filed a motion for attorneys' fees and

---

[2] Bankr. Doc. Refers to the bankruptcy docket in Case no. 16-12529-399, from which this appeal is taken.
[3] This refers to the Bankruptcy Court's claim docket.

expenses pursuant to a fee-shifting provision in the Contract. Bankr. Doc. 3557. Peabody did not seek, and the Bankruptcy Court did not grant, any extension of time to file its motion. After briefing and an evidentiary hearing held on January 9, 2018, the Bankruptcy Court granted the fee motion and awarded Peabody $433,102.78 in attorneys' fees and expenses. Bankr. Docs. 3668, 3669. DMS appealed and this Court remanded for further development of the Bankruptcy Court's findings of fact and conclusions of law in support of the January 2018 Order and Judgment. *See* Case No. 4:18-cv-00306 RLW, 2019 WL 1367769 (E.D. Mo. Mar. 26, 2019). On April 11, 2019, the Bankruptcy Court made additional findings of fact and again awarded Peabody $433,102.78 in fees and expenses. Bankr. Doc. 3871. DMS timely filed an appeal.

## II. JURISDICTION AND STANDARD

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). "When a Bankruptcy Court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the Bankruptcy Court's legal determinations de novo and findings of fact for clear error." *Fix v. First State Bank of Roscoe*, 559 F.3d 803, 808 (8th Cir. 2009) (internal quotation and citation omitted). Issues committed to the Bankruptcy Court's discretion are reviewed for an abuse of that discretion. *In re Zahn*, 526 F.3d 1140, 1142 (8th Cir. 2008). An abuse of discretion occurs when the Bankruptcy Court fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Id.*

## III. DISCUSSION

DMS raises four issues in its appeal: (1) whether the Bankruptcy Court erred in its application of federal and Missouri law in determining that Peabody's fee request was timely; (2) whether the Bankruptcy Court erred in determining that Peabody could not have sufficiently pleaded or provided notice of its request for fees in the DMS claim proceedings; (3) whether the

Bankruptcy Court abused its discretion in determining that Peabody's fees and expenses were reasonable; (4) whether the Bankruptcy Court erred in determining that Peabody was not required to assume or reject the Contract at issue in the DMS claim; and (5) whether the Bankruptcy Court erred in determining that the fee provision in the Contract was enforceable against DMS post-confirmation if the Contract was rejected.

### A. Application of Federal Rule of Civil Procedure Rule 54(d)

DMS argues that Federal Rule of Civil Procedure ("FRCP") 54(d)(2) required Peabody to file its motion for attorneys' fees within 14 days of the entry of judgment unless Missouri law required those fees to be proved at trial as an element of damages. DMS states Peabody did not file its motion for attorneys' fees within fourteen days of the entry of judgment nor did it include a request for attorneys' fees in any pleading, as required by Missouri law. Therefore, according to DMS, Peabody filed an untimely request for attorneys' fees.

The Bankruptcy Court held that Peabody was exempt from Rule 54's 14-day time period for filing a motion for attorneys' fees because Missouri law makes attorneys' fees sought pursuant to a contract an element of damages to be proven at trial. Bankr. Doc. 3870. Further, the Bankruptcy Court found that Peabody did not need to request attorneys' fees in a pleading because of the unique nature of the proceedings in Bankruptcy Court and that Peabody satisfied the substance of the requirement for pleading attorneys' fees and costs when it filed its motion 35 days after the entry of the judgment.

Federal Rule of Bankruptcy Procedure ("FRBP") 7054 applies Rule 54(d)(2)(A)-(C) and (E) to requests for attorneys' fees in bankruptcy proceedings. *See* Fed. R. Bankr. P. 9014 (stating FRBP 7054 applies in contested matters). Rule 54(d)(2) states:

> (A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion*. Unless a statute or court order provides otherwise, the motion must:
>
>> (i) be filed no later than 14 days after the entry of judgment . . .

Thus, Rule 54(d)(2) provides two paths for requesting attorneys' fees: either by motion within 14 days of entry of judgment or at a different point in the litigation if substantive law requires those fees to be proved at trial as an element of damages. Peabody did not file a request for fees within 14 days of entry of judgment. Therefore, Peabody's fee request is untimely unless Missouri substantive law[4] requires those fees to be proved at trial as an element of damages.

In *Wiley v. Mitchell*, the Eighth Circuit held that attorneys' fees awarded to a prevailing party pursuant to a contractual provision are not an item of damages to be proved at trial. 106 F. App'x 517, 523 (8th Cir. 2004). In that case, the Western District of Missouri awarded attorneys' fees under Rule 54(d)(2) to the prevailing party because the underlying contract at issue, a settlement agreement, allowed for such an award. *Id*. at 522. The losing party argued that Rule 54(d)(2) did not apply because it sought its attorneys' fees pursuant to the settlement agreement and consequently, they were an element of damages to be proved at trial. *Id*. The losing party relied on the Advisory Committee Note to Rule 54(d)(2)(A) which states that the rule is not applicable to attorneys' fees recoverable as an element of damages, such as those sought under the terms of a contract. *Id*.

The Eighth Circuit agreed with the Seventh Circuit's ruling in *Rissman v. Rissman*, 229 F.3d 586 (7th Cir. 2000), which found that fees incurred before litigation begins are fees

---

[4] The parties agree that the applicable state substantive law in this matter is Missouri.

recoverable as an element of damages, unlike fees awarded to a prevailing party. *Wiley*, 106 Fed. App'x at 522-23. The Eighth Circuit concluded:

> In the instant case, we do not believe attorneys' fees were an item of damages to be proved at trial. Rather, under either version of the settlement agreement, the prevailing party in any dispute or controversy arising out of the agreement was entitled to recover reasonable attorneys' fees. As a result, an award of attorneys' fees was an issue to be decided at the conclusion of the action when the prevailing party had been identified. Although this circuit has not spoken directly on this issue, we have upheld attorneys' fees sought at the conclusion of a trial and awarded on the basis of Rule 54(d) and a contractual provision allowing a prevailing party to recover reasonable attorneys' fees.

*Id.* at 523 (internal citations omitted). This Court reaches a similar conclusion in this case.

The Contract entitles Peabody to attorneys' fees if Peabody is the prevailing party in any litigation. The Contract states:

> Should Owner [Gateway] be required to institute any arbitration, lawsuit proceeding or action to enforce any of its rights set forth in the Contract Documents, then Owner shall be entitled to reimbursement from Design-Builder [DMS] for all reasonable attorneys' fees and costs incurred in such arbitration, lawsuit, proceeding or action. In the event Design-Builder institutes any proceeding or action against Owner and in the further event Owner prevails in such arbitration, lawsuit, proceeding or action, Design-Builder shall pay Owner the amount of Owner's reasonable attorneys' fees and expenses incurred in such action or proceeding.

Bankr. Doc. 3870, pg. 2. The Bankruptcy Court awarded Peabody its' attorneys' fees because Peabody was the prevailing party in the contested action. Therefore, pursuant to the Eighth Circuit's holding in *Wiley*, Rule 54(d)(2)'s time limit applies.

Peabody argues the Court must apply the Missouri Supreme Court's holding in *Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d 444 (Mo. 2010), a case decided after *Wiley*. Peabody asserts the Missouri Supreme Court held in *Lucas Stucco* that Missouri law requires attorneys' fees to be proven as an element of damages. *Lucas Stucco* concerns an award of attorneys' fees pursuant to the Private Prompt Payment Act, Mo. Rev. Stat. § 431.180. 324 S.W.3d at 445-446. The Missouri Supreme Court held that "a court may award any relief the

6

statute provides, including attorneys' fees, as long as the party has pleaded the necessary elements of the act and has requested that relief in the prayer." *Id*. at 446. The opinion does not discuss the applicable requirements for attorneys' fees sought pursuant to an agreement, nor does it state that attorneys' fees are an element of damages that must be proven at trial. *Id*. The docket in Lucas Stucco demonstrates the opposite in that the prevailing party filed, and the trial court granted, a post-trial motion for attorneys' fees. *Lucas Stucco & EIFS Design, LLC v. Landau*, No. 07SL-AC05092-01 (St. Louis Cty., Mo.) (Mo. CaseNet), https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Jan. 2, 2020). Therefore, the holding in *Lucas Stucco* does not apply to this case, as it does not establish that Missouri law requires attorneys' fees to be proved as an element of damages at trial.

Peabody argues it could not raise its request for attorneys' fees at the limited-scope hearing because the Bankruptcy Court explicitly limited the hearing to two issues, and it could not have otherwise raised its request because there are no pleadings in contested matters. But 28 U.S.C. §§ 157(b)(1) states, "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11. . ." "Core proceedings include, but are not limited to . . . (C) counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2). Thus, while the Bankruptcy Court did not "invite or permit Peabody to request attorneys' fees and expenses at [the hearing]," Peabody could have filed a counterclaim against DMS, or at a minimum it could have included its request in its objection to DMS's claim. Bankr. Doc. 3879, pg. 4.

When questioned as to what time limitation, if any, Peabody had to file its request, Peabody suggested that it could seek to recover its fees at any time within the statute of limitations for a breach of contract claim, meaning that in this case Peabody would have ten

7

years to seek its fees.  Mo. Rev. Stat. § 516.110 (setting the statute of limitations for an action for the payment of money at ten years).  Under Peabody's theory, it could file a separate action in a different court seeking its attorneys' fees it incurred as the prevailing party in the bankruptcy proceeding, ten years after the Bankruptcy Court's judgment.  Rule 54(d) expressly forecloses this multiplicity of suits, by requiring a fee-seeking party to bring the fee claim in the court hearing the case either (a) by proving its fees as an element of damages at trial, when required by substantive law, or (b) by filing a motion for fees within 14 days after entry of judgment.

Rule 54(d)'s 14-day time limit applies to a prevailing party's request for attorneys' fees and to Peabody's motion specifically.  Peabody did not seek, and the Bankruptcy Court did not grant, any extension of time to seek fees.  Therefore, Peabody's motion for attorneys' fees, filed 35 days after the entry of judgment, was untimely.  The Court vacates the fee award.  The Court need not address the remainder of the arguments pertaining to whether the contract is executory, whether it was assumed or rejected, or whether the fees awarded were reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that the Court vacates the award of fees to Peabody.  The Court remands the matter to the Bankruptcy Court for judgment to be entered accordingly.

So Ordered this 2nd day of January, 2020.

_SL R. CL_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**